IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.  2:22-cv-669-WKW-CWB |
| | ) |
| RETIREMENT SYSTEMS OF ALABAMA, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Peter J. Smith, who is proceeding *pro se*, filed this action on November 16, 2022 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 2). Referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 4). By Order dated March 31, 2023 (Doc. 6), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e). Having now conducted such review, the undersigned Magistrate Judge concludes that dismissal of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B).

*Discussion*

Under 28 U.S.C. § 1915(e), a court is authorized to allow indigent litigants to proceed *in forma pauperis* without paying administrative costs. It is recognized, however, that "[a] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Therefore, § 1915 protects against abuses of the *in forma pauperis* privilege by allowing dismissal "at any time if the court determines that ... the action or appeal ... is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint permitted to proceed *in forma pauperis* that merely "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915[e)(2)(B)(i)]" as "malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citations omitted) (finding the court did not abuse its discretion in dismissing an action as duplicative of prior litigation containing the same claims but against different defendants); *Bagby v. Karriker*, 555 F. App'x. 405, 406 (5th Cir. 2014) (unpublished) (affirming dismissal of complaint as malicious and frivolous because it duplicated a prior action); *Perry v. Culliver*, No. 12-00231-CG-C, 2012 WL 1994917, at *2 (S.D. Ala. Apr. 23, 2012) (dismissing a duplicative action as malicious when the same allegations were made but against different defendants), adopted, WL 1994914 (S.D. Ala. June 4, 2012).

There is no bright line test for determining whether dismissal is warranted. Rather, courts are "vested with especially broad discretion." *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if a complaint is repetitive or malicious. *See, e.g., Bailey*, 846 F.2d at 1021; *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) ("Generally ... a suit is duplicative of another suit if the claims, parties, and available relief do not significantly differ between the two actions.").

Here, the Complaint relies on the same underlying legal and factual bases as another currently pending case filed by Plaintiff on the same date. The court has considered each aspect of the two cases and finds that the Complaint in this case is repetitive of that filed in 2:22-cv-00668-WKW-CWB. The court therefore concludes that this action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative and malicious. *See Bailey*, 846 F.2d at 1021; *Ridge Gold*, 572 F. Supp. at 1213 (N.D. Ill. 1983) ("The irrationality of tolerating duplicative

litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are ... devoting scarce judicial resources to the adjudication of the same charges."); *Curtis v. Citibank, N.A*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

*Conclusion*

For these reasons, it is the **RECOMMENDATION** of the undersigned Magistrate Judge that this action be **DISMISSED** without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **May 11, 2023**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this 27th day of April 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**